UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MILAGROS CRUZ AVILES, et al.,

Plaintiffs,

vs.                                                                    CIVIL NO. 98-1307 (DRD)

BELLA VISTA HOSPITAL, INC.,
et al.,

Defendants.

## OPINION AND ORDER

This is a case for damages under the doctrine of lack of informed consent under Puerto Rico's Civil Code Articles 1802 and 1803. P.R. Laws Ann. tit. 31, sections 5141 et seq. The Court has jurisdiction pursuant to 28 U.S.C. §1332. (Docket No.1). Now pending are Defendants' Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and Defendants' Petition for Certification of Issue of Law under 28 U.S.C. § 1292(b). (Docket Nos. 37 and 38). For the reasons set forth herein, Defendants' Motion to Dismiss and Petition for Certification of Issue of Law are **DENIED**.

### I
### THE FACTUAL ALLEGATIONS

The key facts, as Mrs. Cruz Avilés states them in the Complaint, are as follows: On October 23, 1996, Mrs. Milagros Cruz Avilés attended Bella Vista Hospital, Inc. so that Dr. Leopold H. Garbutt could perform a surgical procedure on her left knee. Dr. Leopold H. Garbutt, Bella Vista Hospital, Inc. and/or their employees and agents performed said procedure without previously obtaining Mrs. Cruz Avilés' informed consent. That is, the intervening actors performed knee surgery

on Mrs. Cruz Avilés without previously explaining the nature, risks, possibilities and alternatives available. Prior to the knee surgery, Mrs. Cruz Avilés could walk without any difficulty. After the procedure, however, she could no longer perform such activity adequately. Further, to this day Mrs. Cruz Avilés has lost all feeling in part of her leg, drags her leg while she walks, feels as if her leg is dead, suffers from cramps in part of her leg and is in need of a walker to stand.

## II
## STANDARD UNDER FED.R.CIV.P. 12(b)(6)

When deciding a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) the Court must accept as true all well-pleaded factual claims, and indulge all reasonable inferences in the Plaintiff's favor. Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996); Aulson v. Blanchard, 83 F.3d 1,3 (1st Cir. 1996). Dismissal is appropriate only when the facts alleged, taken as true, do not justify recovery for the plaintiff. Fed.R.Civ.P. 12(b)(6). Thus, in order to survive a motion to dismiss, plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). Although all inferences must be made in the plaintiffs' favor, this court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson, 83 F.3d at 3.

Moreover, when considering a motion to dismiss under Rule 12(b)(6) "our focus [must be] limited to the allegations of the complaint." Litton Indus., Inc. v. Colón, 587 F.2d 70, 74 (1st Cir. 1978)(internal quotations omitted). Specifically, the inquiry should be "whether a liberal reading of [the complaint] can reasonably admit of a claim . . . ." Id.; see also Doyle, 103 F.3d at 190. Recently, in Wagner v. Devine, 122 F.3d 53 (1st Cir. 1997), the First Circuit held that a Court must "affirm a dismissal for failure to state a claim only if it clearly appears that, on the facts alleged, the plaintiff

cannot recover on any viable theory." Id. at 55. The Supreme Court decades ago explained in Conley v. Gibson, 355 U.S. 41, 45-46; 78 S.Ct 99, 102 (1957), that:

> [i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Id. at 45-46.

With this standard in mind, the facts alleged in the Complaint are accepted as true. See Dartmouth Review v. Darmouth College, 889 F.2d 13, 16 (1st Cir. 1989); Gooley, 851 F.2d at 514.

## III
## APPLICATION TO FACTS

Defendants argue that Mrs. Cruz Aviles cannot prove the damages alleged solely on the basis of the lack of informed consent doctrine. (See Docket no. 39). In presenting this argument, however, Defendants rely on an excessively narrow reading of Sepúlveda de Arrieta v. Barreto, 137 D.P.R. 735, 755 (1994), where the Supreme Court of Puerto Rico stated: "...mere non-fulfillment of the duty to inform the patient is not sufficient to create a duty to indemnify damages. Additionally, two conditions must be met: (1) the patient must have suffered an injury and (2) the injury must have been caused by the physician's failure to fulfill his duty to inform." (our translation).

Contrary to defendants' interpretation of the Sepúlveda case, the Court finds that under Puerto Rico law a patient suing for lack of informed consent does not need to prove a separate negligent act, other than the lack of informed consent. "[W]hen a plaintiff alleges that the attending physician incurred in malpractice for failing to inform of the incidental risks of the treatment administered said plaintiff must prove –in keeping with the general principles of negligence– that the lack of adequate information was the proximate cause of the damage", Rodríguez Crespo v. Hernández, 121 D.P.R. 639, 665 (1988) (citations omitted). "This is so since pursuant to Art. 1802 of the Civil Code, supra, the fact that the physician did not obtain an 'informed consent' from the

patient before surgically intervening with him constitutes an independent and distinct cause of action from a cause of action for medical malpractice in diagnosis or treatment." <u>Santiago Otero v. Méndez,</u> 135 D.P.R. 536, 557 (1994) (our translation). Therefore, if in fact Dr. Garbutt performed surgery upon Ms. Cruz Avilés' without previously obtaining her informed consent and Mrs. Cruz Avilés suffered an injury as a consequence of the surgery performed on her, Dr. Garbutt and the other Defendants will be liable for the injury even though the diagnosis and treatment offered were correct and appropriate.

## V
## CONCLUSION

Plaintiff Cruz Avilés alleges and the Court accepts as true for purposes of Co-defendants' motion to dismiss that she suffered an injury to her knee as a result of the surgery performed by Co-defendants without her informed consent. Said cause of action is independent of a cause of action for medical malpractice. <u>Santiago Otero v. Méndez,</u> 135 D.P.R. at page 557. Accordingly, after examining the Second Amended Complaint and indulging every reasonable inference in Plaintiffs' favor, the Court finds that Mrs. Cruz Avilés's cause of action for lack of informed consent is sustainable. As such, Co-defendants' Motion to Dismiss Plaintiffs' claim is **DENIED**.

## VI
## STANDARD FOR CERTIFICATION TO THE SUPREME COURT OF PUERTO RICO

Defendants have moved to certify the following question under Rule 53.1(f) of the Puerto Rico Rules of Civil Procedure, P.R. LAWS ANN. tit. 32 App. III and Rule 25 of the Puerto Rico Supreme Court Regulations, P.R. LAWS ANN. tit. 4 App. XXI-A: "If an independent tort action for an alleged lack of informed consent exists to a plaintiff, a patient that underwent surgery and to her relatives, without the need for plaintiff to prove a causal relationship between the surgical procedure

and the damages for which plaintiff claim, when plaintiff is not alleging a surgical malpractice". (Docket No. 37).

Rule 53.1(f) provides:

The petition for registration [certification] shall also be executed when the Supreme Court of the United States or any United States Circuit Court of Appeals, Federal District Court or State Court of any state of the Union, has a case for its consideration in which there are local issues of law that are decisive in the cause of action before any of said courts, for which there are no clear precedents in the decisions of the Supreme Court of the Commonwealth of Puerto Rico, and an opinion on such issues is requested by filing the corresponding petition with the Office of the Clerk of the Supreme Court.

Rule 25 provides:

(a) This Court may entertain any matter certified to it by the Supreme Court of the United States of America, by a Circuit Court of Appeals of the United States of America, by a District Court of the United States of America, or by the highest appellate court of any state of the United States of America, when it is thus requested by any of said courts, should there exist in the petitioner court any judicial matter involving questions of Puerto Rican law that may determine the outcome of the case, and with regard to which, in the opinion of the petitioner court, there are no clear precedents in the caselaw (sic) of this Court.

As is apparent, for certification to the Puerto Rico Supreme Court to proceed both rules require that (1) questions of Puerto Rican law be involved; (2) said questions may determine or are determinant of the outcome of the case; (3) there are no clear precedents in the Puerto Rico Supreme Court's caselaw; and (4) an account of all the facts relevant to said questions are included, clearly showing the nature of the controversy in which the questions arise. See Pan American Computer Corp. v. Data General Corp., 112 D.P.R. 780 (1982). See also Cuesnongle v. Ramos, 835 F.2d 1486 (1st Cir. 1987).[1]

---

[1] The case of Cuesnogle adds an additional element to the acceptance of certification by the Supreme Court of Puerto Rico. Aside from the element of discretion, no certification shall be issued if there remains a federal undecided issue even if the case potentially may end by resolution of the state issues. See generally Twin County Grocers Inc. v. Méndez & Co., Inc., 81 F.Supp. 2d 276, 280-281 n. 2 (D.P.R. 1995). Further, certification may lead to delay. Cuesnogle, (835

As established earlier, the question that Co-defendants seek to certify has already been answered by the Puerto Rico Supreme Court. "[P]ursuant to Art. 1802 of the Civil Code, supra, the fact that the physician did not obtain an 'informed consent' from the patient before surgically intervening with him constitutes an independent and distinct cause of action from a cause of action for medical malpractice in diagnosis or treatment." Santiago Otero v. Méndez, 135 D.P.R. at page 557. If in fact Mrs. Cruz Aviles did not provide her informed consent and she suffered an injury as a consequence of the surgery performed, the attending physician will be liable for that injury even though the diagnosis and treatment were correct and appropriate. The doctrine of informed consent is not a novel issue or an issue where "there are no clear precedents in the case law of the Puerto Rico Supreme Court." Pan American, 112 D.P.R. at page 788. Hence, the Court finds that there is adequate precedent for this issue in the decisions of the Supreme Court of Puerto Rico and that the issue is not appropriate for certification. Finally, the Court adds that certification to the Supreme Court of Puerto Rico by this District Court is a question of judicial discretion. See Ruiz Rodriguez v. Litton Indus. Leasing Corp., 574 F.2d 44, 46 (1st Cir. 1978) (citing Lehman Brothers v. Schein, 416 U.S. 386, 391, 94 S.Ct. 1741, 1744 (1974)); Fornaris v. Ridge Tool Co., 400 U.S. 41, 91 S.Ct. 156 (1970)); Oliveras-Salas v. Puerto Rico Highway Auth., 884 F.2d 1532, 1535 (1st Cir.1989); Collazo Santiago v. Toyota Motor Corp., 937 F.Supp. 134, 138 (D.P.R. 1996). The Court ultimately denies certification to the Supreme Court of Puerto Rico because it is "inappropriate for a federal court to use such a procedure when the course state courts would take is reasonably clear." Bi-Rite Enters., Inc. v. Bruce Miner Co., Inc., 757 F.2d 440, 443 N.3 (1st Cir. 1985).

Defendants are granted 20 days to answer the second amended complaint. **No extensions**

---

F.2d 1486 (certification denied to the Circuit Court after a two (2) year delay).

**will be granted**.

      For administrative purposes, Docket Nos. 37 and 38 are disposed through this order.

IT IS SO ORDERED

Date: August  11 , 2000

N:\98-1307 CER

                        DANIEL R. DOMINGUEZ
                        U.S. DISTRICT JUDGE